UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.

                                    Case No. 98-73255
ANITA JONES                         Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On August 5, 1998, the Court entered a consent judgment in this matter which was agreed to by both parties. Since that time, the Plaintiff has sought to garnish various forms of the Defendant's income in satisfaction of the judgment.

On September 26, 2013, the Defendant, Anita Jones ("Jones"), filed a request for hearing and claim for exemption (ECF No. 18) from the writ of continuing garnishment issued by the Clerk of this Court on August 23, 2013. (ECF No. 16). Jones contends that, in light of her Chapter 7 bankruptcy filing, the Plaintiff's collection efforts must be put on hold pursuant to the automatic stay provision under 11 U.S.C. § 362(a).

Upon review of the parties submissions, the Court notes that the "Plaintiff agrees that Defendant's wages should not be garnished during the bankruptcy, agrees to pay any withheld funds back to Defendant[,] and defers to the discretion of the Court in this matter." (Plaintiff's Answer to Defendant's Objection to Garnishment at 3).

The Court is therefore inclined to grant Jones' request for relief from the garnishment in light of the

fact that, (1) § 362(a)(6) clearly provides for the automatic stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;" and (2) the Plaintiff, in its response to Jones' objection, appears to stipulate to this fact.

The Court declines, however, to address the Plaintiff's contention regarding the dischargability of Jones' student loan (the subject of the consent judgment) while the bankruptcy matter is still pending. *See* E.D. Mich. R. 83.50(a) ("Unless withdrawn by a district judge, all cases under Title 11 of the United States Code . . . are referred to bankruptcy judges. [B]ankruptcy judges will hear and determine . . . all core proceedings . . . arising under Title 11 . . . ."). Indeed, under Jones' Notice of Chapter 7 Bankruptcy, creditors have until October 15, 2013 to "object to [d]ebtor's discharge or to [c]hallenge [d]ischargability of [c]ertain [d]ebts . . . ." *See* ECF No. 18 at 2.

For the reasons that have been set forth above, the Court grants Jones' motion for relief from the garnishment (ECF No.18) and directs the Plaintiff to return all funds obtained after the commencement of the bankruptcy to Jones' custody.

IT IS SO ORDERED.

Date: October 10, 2013                                s/Julian Abele Cook, Jr.
                                                      JULIAN ABELE COOK, JR.
                                                      U.S. District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 10, 2013.

                                                      s/ Kay Doaks
                                                      Case Manager

2